United States District Court
For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   GAIL SUTTON and DANIELLE SUTTON,      No C 06-6417 VRW

10          Plaintiffs,
                                          ORDER
11      v

12  WALTER HOLZ, JR and VICTORIAN
    CARE HOMES OF THE MONTEREY
13  PENINSULA, INC,

14          Defendants.

15  _____/

16

17          This action involves claims relating to the death of

18  Letitia Breng Rose, mother of plaintiff Gail Sutton and grandmother

19  of plaintiff Danielle Sutton.  Defendant Walter Holz, Jr moves

20  under FRCP 12(f) to strike plaintiffs first amended complaint

21  (FAC).  Doc # 113.  Defendant Victorian Care Homes of the Monterey

22  Peninsula, Inc (Victorian) joins Holz's motion to strike the FAC.

23  Doc # 115.  Plaintiffs oppose the motion and, in the alternative,

24  seek leave to amend.  In his reply brief, Holz strenuously opposes

25  plaintiffs' proposed amendments.  Doc # 121.

26          Because plaintiffs neither obtained leave of court nor

27  written consent of the defendants as required by FRCP 15(a) before

28  filing their first amended complaint, The court GRANTS Holz's

motion to strike.  Having considered the arguments presented in favor of and in opposition to plaintiffs' proposed amendment, the court DENIES leave to file the proposed FAC.

I

Gail Sutton, Danielle Sutton and John Sutton were the original plaintiffs in this matter.  Gail Sutton is the daughter of now-deceased Letitia Breng Rose, Danielle Sutton is Gail's daughter and John Sutton is Gail's husband.  Plaintiffs maintained pro se status in the initial stages of their suit.  Plaintiffs' original complaint included claims for wrongful death (count I), elder abuse (count II), wrongful and willful dissipation of the estate (count III) and wrongful dissipation of the estate and failure to notice (count IV).  Doc #1.  All defendants except Victorian (which had not then been properly served with the complaint) individually filed motions to dismiss plaintiffs' complaint.  The court issued an order that:  dismissed defendant Leslie Foote without prejudice for improper service; dismissed all claims against defendants Roberta Sokotowski and Richard Bishop with prejudice; dismissed all claims against defendant Ann Sydes with prejudice; dismissed plaintiff John Sutton from the action with prejudice; and allowed Danielle Sutton to remain a plaintiff in the suit only as to the claim for elder abuse.  Doc #72.

In conclusion, the court's order stated:

The only causes of action that remain in this lawsuit are those for wrongful death (claim #1) and elder abuse (claim #2) and the only remaining defendants are Holz and Victorian.

> John Sutton is no longer a plaintiff in this
> action as he has been dismissed from the remaining
> claims for wrongful death and elder abuse.
> Danielle Sutton remains only as a plaintiff to the
> second cause of action for elder abuse.

Id.

On April 27, 2007, Holz filed an amended answer reflecting the rulings in the court's April 18 order.  Doc # 73.

After plaintiffs did not properly serve their first complaint on Victorian and instead unsuccessfully sought entry of default against this entity, Mr William Ginsburg, attorney for Victorian, offered to answer plaintiffs complaint without service on the condition that plaintiffs first amend their complaint to comport with the courts order of April 13, 2007.  Doc # 81.  On July 16, 2007, the court ordered plaintiffs to amend their complaint and to send it by mail to Mr Ginsburg by July 27, 2007.  Doc # 91.

Soon after, plaintiffs obtained counsel and, on July 26, 2007, filed their FAC.  Doc #96.  In addition to amending the claims for elder abuse and wrongful death and removing John Sutton from the suit, plaintiffs added seven new claims —— for negligence, intentional infliction of emotional distress against Rose (IIED), fraud, breach of contract, violation of California Penal Code § 368, violation of California Business & Professional Code § 17200 and negligent infliction of emotional distress against plaintiffs personally (NIED) —— and added new defendants Margaret Conners and Does 1 to 100.  Id.  The factual allegations against Holz are slightly expanded, but are not appreciably more detailed than in the original complaint.  In addition, the FAC names as the sole plaintiff "Letitia Rose, Deceased, by and through her successors in interest, Gail Sutton & Danielle Sutton."  Id.

1          After defendants filed the instant motion to strike, the

2  parties stipulated to a three-month extension of the discovery

3  cut-off, to January 8, 2008, which the court approved.  Doc # 116.

4          Then, shortly after Holz filed his reply brief herein and

5  before the noticed hearing date, plaintiffs' counsel, who first

6  appeared in this matter on July 25, 2007, moved to withdraw from

7  their representation of plaintiffs on the ground that "[t]he

8  relationship has become acrimonious to the point where it would be

9  best if plaintiffs sought other counsel."  Doc ## 122-26.  On

10 October 9, 2007, the court granted the motion to withdraw.  Doc #

11 127.  Plaintiffs are once again proceeding pro se.

12

13                                II

14          When an answer to a complaint has already been served,

15 FRCP 15(a) requires a party to obtain leave of court or written

16 consent of the adverse party before amending the complaint.  "In

17 general, if an amendment that cannot be made as of right is served

18 without obtaining the court's leave or the opposing party's consent,

19 it is without legal effect and any new matter it contains will not

20 be considered unless the amendment is resubmitted for the court's

21 approval."  Alan Wright, Arthur R Miller, & Mary Kay Kane, 6 <u>Federal</u>

22 <u>Practice & Procedure:  Civil 2d</u> 1484 (West 2007).

23

24                               III

25          Holz contends that plaintiffs' FAC should be stricken

26 since plaintiffs did not obtain leave of court as required by FRCP

27 15(a).  Doc #113.  Victorian has joined Holz's motion to strike on

28 the same grounds as asserted by Holz.  Doc #115.

                                  4

**United States District Court**
For the Northern District of California

1    Plaintiffs argue that the court granted them leave to
2  amend through its July 16, 2007 scheduling order (Doc #118),
3  specifically asserting that the court ordered plaintiffs to amend
4  their complaint but did not impose any restrictions on the amendment
5  other than directing them to remove John Sutton from the complaint.
6  Plaintiffs also assert that Victorian provided written consent
7  allowing the FAC in the form of a letter addressed to both the court
8  and plaintiffs stating that Victorian agreed to answer the complaint
9  if plaintiffs amended their complaint (see Doc #81).

10    In addition to opposing the motion to strike, plaintiffs
11 request leave to amend in the alternative.

12    The court agrees with the moving parties that plaintiffs
13 did not obtain leave of court or written consent of the adverse
14 party as required by FRCP 15(a) before filing their amended
15 complaint.  First, the court's scheduling order of July 16, 2007 did
16 not grant plaintiffs carte blanche to add new claims and parties.
17 Rather, the July 16, 2007 order instructed plaintiffs to amend their
18 complaint to comply with the April 18, 2007 order which specifically
19 concerned:  (1) the dismissal of defendant Foote from the case; (2)
20 the dismissal of all claims against defendants Sokotowski and
21 Bishop; (3) the dismissal of all claims against defendant Sydes; (4)
22 the dismissal of plaintiff John Sutton from the case and (5)
23 allowing Danielle Sutton to remain a plaintiff in the case only asto
24 the claim for elder abuse.  Second, the court does not read the
25 Ginsburg letter as providing written consent to plaintiffs on behalf
26 of Victorian to amend the complaint to add many new claims to the
27 matter, but rather to amend to comply with the April 18, 2007 order.
28 \\

1        Because plaintiffs did not obtain leave to amend or

2   written consent of the adverse party before filing their amended

3   complaint containing additional claims and defendants, the motion to

4   strike the amended pleading is GRANTED.

5

6                                  IV

7        The court now turns to plaintiffs' request for leave to

8   amend.  Defendant Holz's reply brief sets forth detailed arguments

9   in opposition to the proposed amendments (Doc # 121); the court

10  treats the reply brief as an opposition to the motion to amend.

11  Because Victorian did not submit a reply brief, the court will limit

12  its discussion to the points advanced by Holz.

13       Holz first contends that plaintiffs' fourth cause of

14  action for intentional infliction of emotional distress (IIED) is

15  unavailable to plaintiffs because emotional distress damages fall

16  within the definition of pain and suffering damages in California's

17  survivorship statute, California Code of Civil Procedure section

18  377.34, which excludes damages for pain, suffering or disfigurement

19  from damages recoverable.  Holz correctly cites Armbruster v

20  Monument 3: Realty Fund VIII Ltd, 963 F Supp 862 (N D Cal

21  1997)(Williams, J) for the proposition that emotional distress

22  damages were held to be encompassed within non-recoverable pain and

23  suffering damages in an earlier, similar version of the statute.

24       Holz next asserts that plaintiffs' fifth cause of action

25  for fraud is directed at Victorian and does not allege any facts

26  purporting to establish fraudulent misrepresentation or fraudulent

27  concealment against Holz.  The court's review of the FAC is in

28  accord.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Holz next contends the plaintiffs' sixth cause of action
2  for breach of contract appears to be directed at Victorian Care
3  Homes and not at Holz.  Holz argues that (1) plaintiffs have not
4  alleged any facts establishing that Holz entered into a written
5  contract with Rose promising a particular outcome of medical care as
6  is required to state a claim for breach of contract in the context
7  of a physician-patient relationship; and (2) the pleadings do not
8  set forth any contract terms to support plaintiffs claim for breach
9  of contract against Holz.

10    Holz next argues that plaintiffs do not have standing to
11 assert their seventh cause of action for violation of California
12 Penal Code section 368, a criminal statute providing for criminal
13 penalties for elder abuse.  Holz asserts that the section 368 does
14 not provide for a private right of action; the court's review of
15 Penal Code section 368 is in accord.

16    Further, Holz contends that plaintiffs' eighth cause of
17 action for unfair business practices does not pertain to him because
18 it contains no factual allegations relevant to him.  In addition,
19 Holz contends that the 2004 amendment to California Business and
20 Professions Code section 17200 et seq introduced standing criteria
21 that plaintiffs cannot satisfy, i e, injury in fact and lost money
22 or property as a result of such unfair competition.  Cal Bus & Prof
23 Code § 17204.  Indeed, plaintiffs do not, and almost certainly
24 cannot, allege that they entered into a professional, business or
25 commercial relationship with either Victorian or Holz.  Holz also
26 asserts without citation that the unfair business practice claim
27 cannot survive Roses death; if true, this would bar an unfair
28 business practices suit in its entirety.

**United States District Court**
For the Northern District of California

1    Holz correctly asserts, citing <u>Thing v LaChusa</u>, 48 Cal 3d
2  644, 667-68 (1989), that plaintiffs' ninth cause of action for NIED
3  is fatally flawed since plaintiffs have not alleged and cannot
4  allege one fact essential to maintaining such an action:  that they
5  were present at the scene of the injury-producing event at the time
6  of its occurrence.  In fact, plaintiffs admit in the FAC that they
7  lived in New York and that they did not visit or have any contact
8  with Mrs Rose, Doc # 96, and therefore could not have been present
9  at the scene of the injury-producing event.  The court further notes
10 that the caption and introductory paragraphs of the FAC in no way
11 indicate that the complaint contains any claims on plaintiffs' own
12 behalf, a fact inconsistent with the inclusion of a NIED claim.

13    Given the obvious flaws in the FAC and that the attorneys
14 who drafted it on behalf of plaintiffs are no longer involved in the
15 case, the court concludes that it would be contrary to the interests
16 of efficiency and fairness in the administration of justice to allow
17 the FAC to be filed.

18    The motion to amend is DENIED.  Plaintiffs may serve and
19 file, within thirty (30) days of the date of this order, an amended
20 pleading that comports with the April 18, 2007 order.  Any amendment
21 beyond the scope of the amendments permitted by that order may only
22 be made by motion or by stipulation in accordance with FRCP 15(a).

23    The court notes that a hearing was noticed on these
24 motions at which defendants appeared by their counsel and at which
25 plaintiff Gail Sutton appeared by telephone.  Various scheduling and
26 discovery matters were discussed, but the telephone connection to Ms
27 Sutton was lost before the court turned to the instant motion.  The
28 court therefore took the matter under submission without oral

1  argument.   The case management and discovery matters discussed will

2  be the subject of a separate order.

3

4          IT IS SO ORDERED.

5

6                                    _____

7                                    VAUGHN R WALKER
                                     United States District Chief Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California