IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GAIL SUTTON and DANIELLE SUTTON,   No C 06-6417 VRW

    Plaintiffs,

                                    ORDER

    v

WALTER HOLZ, JR and VICTORIAN
CARE HOMES OF THE MONTEREY
PENINSULA, INC,

    Defendants.

                                   /

This action involves claims relating to the death of Letitia Breng Rose, mother of plaintiff Gail Sutton and grandmother of plaintiff Danielle Sutton. This order addresses issues pertaining to the complaint and to discovery. The case was scheduled for a case management conference on December 6, 2007. Plaintiffs informed the court through its clerk that they would not appear at the conference. In light of that development, the court VACATES the case management conference and addresses the outstanding issues herein.

I

Because no lawsuit can proceed without a complaint to define the issues requiring discovery, the uncertainty about the

status of plaintiffs' pleading must be resolved first. By order dated October 15, 2007, the court granted the motion by defendants Walter Holz, Jr and Victorian Care Homes Inc (Victorian) to strike plaintiffs' first amended complaint (FAC) because plaintiffs obtained neither leave of court nor written consent of the defendants as required by FRCP 15(a) before filing it. Construing plaintiffs' opposition to the motion to strike as a motion to amend, the court then ruled as follows:

> Given the obvious flaws in the FAC and that the attorneys who drafted it on behalf of plaintiffs are no longer involved in the case, the court concludes that it would be contrary to the interests of efficiency and fairness in the administration of justice to allow the FAC to be filed.

Order at 8. The court gave plaintiffs leave to file, within thirty days of October 15, an amended pleading "that comports with the April 18, 2007 order" and reminded plaintiffs that "[a]ny amendment beyond the scope of the amendments permitted by that order may only be made by motion or by stipulation in accordance with FRCP 15(a)." Id.

Instead of filing an amended pleading, however, plaintiffs submitted to the court a letter (Doc # 135, filed November 9, 2007) stating in pertinent part:

> With respect, we do not think that we can follow the Court's Order without making blunders which would place the complaint in jeopardy. With an abundance of caution, we respectfully inform the court that we do not see how we can amend the pleadings (complaint) within the restrictions of the Court Order. We do not see a way for us to amend the pleadings without making changes which will alter the meaning or without adding certain statements.

\\

Because the court struck the improperly-filed FAC and denied plaintiffs leave to file it, the only complaint on file with the court is plaintiffs' original complaint, filed October 13, 2006 (Doc # 1), as reduced by the court's order dated April 18, 2007 (Doc # 72) and by plaintiffs' election not to amend.

Plaintiffs' original complaint included claims for wrongful death (count I), elder abuse (count II), wrongful and willful dissipation of the estate (count III) and wrongful dissipation of the estate and failure to notice (count IV).  By its April 18, 2007 order, the court:  dismissed defendant Leslie Foote without prejudice for improper service; dismissed all claims against defendants Roberta Sokotowski and Richard Bishop with prejudice; dismissed all claims against defendant Ann Sydes with prejudice; dismissed plaintiff John Sutton from the action with prejudice; and allowed Danielle Sutton to remain a plaintiff in the suit only as to the claim for elder abuse.  Doc #72.

In conclusion, the court's order stated:

> The only causes of action that remain in this lawsuit are those for wrongful death (claim #1) and elder abuse (claim #2) and the only remaining defendants are Holz and Victorian.
>
> John Sutton is no longer a plaintiff in this action as he has been dismissed from the remaining claims for wrongful death and elder abuse. Danielle Sutton remains only as a plaintiff to the second cause of action for elder abuse.

Id.  On April 27, 2007, Holz filed an amended answer reflecting the rulings in the court's April 18 order.  Doc # 73.  Victorian has not yet answered, presumably because the complaint continues to be in limbo.

\\

3

The court interprets plaintiffs' November 9 letter (Doc # 135) as an election to stand on their complaint. Because they articulate no intention to amend nor any plan for doing so, the letter is not susceptible of any other interpretation. Electing not to amend and instead standing on the existing complaint is an available course of action even for a plaintiff whose entire complaint has been dismissed. See, e g, <u>WMX Technologies, Inc v Miller</u>, 104 F3d 1133 (9th Cir 1997). Here, however, the entire complaint was not dismissed. The claims against defendant Foote were dismissed with leave to amend. Those claims are now dismissed with prejudice. The claims for wrongful death and elder abuse against Holz and Victorian were not dismissed. Those are the claims with which the parties must now move forward.

Victorian asked that plaintiffs amend their complaint prior to service, presumably in order to have a pleading to work with that was not cluttered with dismissed parties and claims. While this would have been desirable, it would be inefficient to allow further delay for the purposes of attempting to obtain a cleaned-up pleading given that the parties have nearly completed discovery. Accordingly, the parties will proceed on the original complaint as modified by the court's April 18 order and today's order.

II

The supplemental case management statement submitted by Holz and Victorian raises several issues that have arisen during discovery including: plaintiffs' unwillingness to travel to San Francisco for their depositions, which are noticed for December 19

4

1  and 20th 2007; defendants' request that non-parties be excluded from
2  the depositions; and plaintiffs' refusal to honor a non-disclosure
3  agreement executed by their former counsel without which they may
4  not view certain documents produced by public agencies pursuant to
5  court orders in this case.
6        Regarding the place for the depositions, "[a]s a normal
7  rule plaintiff will be required to make himself or herself available
8  for examination in the district in which suit was brought.  Since
9  plaintiff has selected the forum, he or she will not be heard to
10 complain about having to appear there for a deposition."  Alan
11 Wright, Arthur R Miller, & Mary Kay Kane, 8A Federal Practice &
12 Procedure:  Civil 2d § 2112 (West 2007).  This rule is subject to
13 exceptions based on individual circumstances, such as financial or
14 other hardship.  The court notes that defendants have offered to
15 defray some portion of plaintiffs' travel expenses.  Plaintiffs, in
16 to a letter submitted to the court with defendants' supplemental
17 case management statement, gave no reason why they should not be
18 compelled to appear at a deposition in San Francisco; rather, they
19 merely state that they "are unable to attend those depositions in
20 CA" and ask that they be held in New York.  In a separate letter to
21 the court dated December 3, 2007 (Doc # 141), they state that they
22 "are unable to attend depositions on the 19th and 20th of December
23 which is also Christmas season and the height of holiday travel."
24 They also state that they "have limited finances" and that it is "a
25 financial hardship for us to fly out to California which is over
26 3,000 miles away."  They add that it would be an "emotional and
27 physical hardship [and] a tremendous burden on our family."
28 \\

The court is persuaded that the balance of equities tips sharply in defendants' favor on this issue. The court does not consider the forum-selection argument quoted above particularly compelling here given the likelihood that the case would have been transferred to this district if filed elsewhere. Plaintiffs have, however, chosen to pursue litigation in northern California largely without legal representation. While the court has granted plaintiffs' requests to appear by telephone thus far, plaintiffs are advised that they cannot reasonably expect to avoid traveling to the forum for key events. Holding the depositions in New York will greatly increase the total cost, all of which must be borne by defendants. If the depositions take place in San Francisco, defendants will pay for some portion of plaintiffs' travel expenses and their attorneys' time devoted to local travel and the depositions themselves. If the depositions are held in New York, however, defendants' cost will be increased by their attorneys' time spent on coast-to-coast travel. The court, moreover, finds plaintiffs' excuses vague, overly general and unconvincing.

In summary, given that the normal practice is for plaintiffs to appear for their depositions in the forum district, plaintiffs have not shown good cause for refusing to attend their depositions as noticed and the much greater cost of the depositions if taken in New York, the court now orders that plaintiffs shall appear for their depositions at the time and place noticed by defendants. <u>Failure to comply with this order may result in dismissal of this action</u>.

Defendants' motion for an order excluding non-parties from the depositions is DENIED without prejudice. Should defendants, in

6

the course of conducting the depositions, encounter problems warranting judicial intervention, they are directed to contact the court immediately.

Regarding plaintiffs' stated unwillingness to honor non-disclosure agreements signed by their former counsel, the court's protective orders dated August 15, 2007 (Docs # 111, 112) govern the disclosure and use of confidential documents in the custody of the Monterey County Public Guardian and Ombudsman.  Under the terms of those orders, parties may only gain access to the documents if they are "qualified persons" as defined in the orders.  The orders moreover provide that "[p]rior to receiving any confidential material, each qualified person shall be provided with a copy of this order and shall execute a non-disclosure agreement."  See, e g, Doc # 111 ¶ 5.  Therefore, plaintiffs' counsel's execution of the non-disclosure agreement has no bearing on their own obligation to do so if they wish to be granted access to the documents the agencies have marked "confidential."  Stated another way, if plaintiffs do not execute the non-disclosure agreement, the protective orders do not authorize them to have access to the documents.

III

The court hereby orders as follows:

1. The claims against defendant Foote are DISMISSED with prejudice.

2. The parties will proceed on the original complaint (Doc # 1) as modified by the court's April 18 order (Doc #72) and today's order.

7

3.   Plaintiffs Gail and Danielle Sutton shall appear for their depositions at the time and place noticed by defendants.  Failure to do so may result in dismissal of this action.

4.   Defendants' motion for an order excluding non-parties from the depositions is DENIED without prejudice.

5.   The discovery schedule shall remain as per the stipulation and order dated September 10, 2007 (Doc # 116).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge